UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZAVON NATHAN JORDAN,<br><br>        Petitioner,<br>  v.<br><br>CHUCK ALLEN, et al.,<br><br>        Respondents. | Case No. 3:15-cv-00485-MMD-VPC<br><br>ORDER |

Petitioner has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court finds that petitioner is unable to pay the filing fee. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the Court should not dismiss this action for a failure to exhaust available state-court remedies.

Under a plea agreement in the Reno Justice Court, petitioner was convicted of one count of misdemeanor battery. The prosecution agreed to drop two other counts of battery.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Petitioner states that he did not appeal and that he did not file a post-conviction habeas corpus petition in the state courts. Consequently, the petitioner appears to be completely unexhausted. Among his other claims, petitioner alleges that his counsel failed to appeal from the judgment of conviction, but that itself is a claim of ineffective assistance of counsel that may be raised in a state habeas corpus petition. Petitioner alleges that his judgment of conviction was entered on August 30, 2015. If that is correct, then petitioner still has time under Nev. Rev. Stat. § 34.726(1) to file a state habeas corpus petition.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action for failure to exhaust available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 5th day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE